UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PETER A. BORRUSO,

                          Plaintiff,                        11 CIV 7085

    -against-                                        **ANSWER**

THE CITY OF PORT JERVIS, SERGEANT
CHRISTOPHER W. SARGENTE, shield #0149 and
POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-5,

                          Defendants.
------------------------------------------------------------------X

       Defendants, THE CITY OF PORT JERVIS, SERGEANT CHRISTOPHER W. SARGENTE, shield #0149 and POLICE OFFICERS JANE/JOHN DOE(S), by their attorneys, TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, answering the complaint of the plaintiff allege as follows:

### AS TO THE PRELIMINARY STATEMENT CAUSE OF ACTION

       FIRST:  Deny each and every allegation contained in the paragraph of the complaint numbered "1."

### AS TO THE JURISDICTION

       SECOND:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "2" and respectfully refer all questions of law to the trial court.

### AS TO THE PARTIES

       THIRD:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "3," "6" and "7."

       FOURTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "4," except

HJS/mmw          12506-58946         682672

admit that Defendant CITY OF PORT JERVIS is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the Port Jervis Police Department (hereinafter "PJPD").

FIFTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "5," except admit that Defendant SERGEANT CHRISTOPHER W. SARGENTE, shield #0149 (hereinafter "SARGENTE") was a PJPD police officer on January 1, 2010.

## AS TO THE FACTS

SIXTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "8," "9," "17" and "18."

SEVENTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "10," except admit that on January 1, 2010, BORRUSO presented to the headquarters of the PJPD.

EIGHTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "19," except admit that on or about the 24th day of February, 2010, BORRUSO served a Notice of Claim upon the CITY.

NINTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "11," "12," "13," "14," "15," "16" and "20."

## AS TO THE FIRST CAUSE OF ACTION

TENTH:  Repeat and reallege each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "20," inclusive, as realleged in paragraph "21," with the same force and effect as though more fully set forth at length herein.

ELEVENTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "22," "23," "24," "25," "26," "27" and "28."

## AS TO THE SECOND CAUSE OF ACTION

TWELFTH:  Repeat and reallege each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "28," inclusive, as realleged in paragraph "29," with the same force and effect as though more fully set forth at length herein.

THIRTEENTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "30," "33," "34" and "35."

FOURTEENTH:  Deny any knowledge and information sufficient to form a belief as to the truth or falsity of the balance of the allegations contained in the paragraph of the complaint numbered "31," except admit Plaintiff was arrested with probable cause and lawfully confined pending arraignment.

FIFTEENTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "32," except assert that defendants' confinement of plaintiff was lawful, justified and privileged.

## AS TO THE THIRD CAUSE OF ACTION

SIXTEENTH:  Repeat and reallege each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "35," inclusive, as realleged in paragraph "36," with the same force and effect as though more fully set forth at length herein.

SEVENTEENTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "37," "38," "39," "40," "41," "42," "43," "44," "45," "46," "47," "48," "49" and "50."

## AS TO THE FOURTH CAUSE OF ACTION

EIGHTEENTH:  Repeat and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "50," inclusive, as realleged in paragraph "51," with the same force and effect as though more fully set forth at length herein.

NINETEENTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "52," "53," "54," "55," "56," "57," "58," "59" and "60."

## AS TO THE FIFTH CAUSE OF ACTION

TWENTIETH:  Repeat and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "60," inclusive, as realleged in paragraph "61," with the same force and effect as though more fully set forth at length herein.

TWENTY-FIRST:  Deny each and every allegation contained in the paragraphs of the complaint numbered "62," "64," "65," "66," "67," "68," "69," "70," "71" and "72."

TWENTY-SECOND:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "63."

## AS TO THE SIXTH CAUSE OF ACTION

TWENTY-THIRD:  Repeat and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "72," inclusive, as realleged in paragraph "73," with the same force and effect as though more fully set forth at length herein.

TWENTY-FOURTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "74," "76," "77" and "78."

TWENTY-FIFTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "75."

## AS TO THE SEVENTH CAUSE OF ACTION

TWENTY-SIXTH:  Repeat and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "78," inclusive, as realleged in paragraph "79," with the same force and effect as though more fully set forth at length herein.

TWENTY-SEVENTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "80," "81," "82" and "83."

## AS TO THE EIGHTH CAUSE OF ACTION

TWENTY-EIGHTH:  Repeat and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "83," inclusive, as realleged in paragraph "84," with the same force and effect as though more fully set forth at length herein.

TWENTY-NINTH:  Deny each and every allegation contained in the paragraphs of the complaint numbered "85," "86" and "87."

## AS TO THE NINTH CAUSE OF ACTION

THIRTIETH:  Repeat and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "87," inclusive, as realleged in paragraph "88," with the same force and effect as though more fully set forth at length herein.

THIRTY-FIRST:  Deny each and every allegation contained in the paragraphs of the complaint numbered "89," "90," "91," "92," "93," "94," "95" and "96."

## AS TO THE TENTH CAUSE OF ACTION

THIRTY-SECOND:  Repeat and realleges each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "96," inclusive, as realleged in paragraph "97," with the same force and effect as though more fully set forth at length herein.

THIRTY-THIRD:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "98," "99" and "100" and respectfully refer all questions of law to the trial court and questions of fact to the trier of fact.

THIRTY-FOURTH:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "101" and respectfully refer all questions of law to the trial court and questions of fact to the trier of fact, except deny BORRUSO suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-FIFTH:  The injuries and/or damages alleged to have been sustained by plaintiff were caused in whole or partly by the culpable conduct of the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-SIXTH:  The answering defendants hereby invoke the provisions of CPLR Article 16 and request that the jury herein be charged accordingly.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-SEVENTH:  The allegations set forth within the complaint fail to state a cause of action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:  The Court lacks personal jurisdiction over the defendants, POLICE OFFICERS JANE/JOHN DOE(S), because of the failure to properly serve process against defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:  Plaintiff failed to mitigate his damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FORTIETH:  That if plaintiff sustained any injuries and/or damages at the time and place and in the manner alleged in the complaint, the plaintiff assumed the risks inherent in the activity in which the plaintiff was then engaged.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FORTY-FIRST:  Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, psychiatric care, psychological care, counseling, custodial care of rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545(c) of the New York Civil Practice Law and Rules.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

FORTY-SECOND:  Plaintiff's complaint, to the extent it seeks exemplary or punitive damages, violates defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

HJS/mmw     12506-58946     682672

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FORTY-THIRD:  Plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New York, violates defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH:  The plaintiff cannot recover punitive damages against municipalities, THE CITY OF PORT JERVIS.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

FORTY-FIFTH:  Plaintiff may not maintain this suit against the defendants because each state actor acted with the exercise or discretion within the course of employment and designation as a state actor.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FORTY-SIXTH:  Defendants' actions were objectively reasonable and, as a result, defendants are immune from suit.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  The defendants at all times acted reasonably, in good faith, for justified, legitimate reasons and without malice.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:  The defendants acted within the legal definition of probable cause.

### AS AND FOR AN FIFTEENTH AFFIRMATIVE DEFENSE

FORTY-NINTH:  The defendants are entitled to qualified immunity.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FIFTIETH:  The plaintiff brought this action in bad faith and without a reasonable basis in law and fact to support his claim.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:  Any force exerted by the defendants was reasonable and justified.

WHEREFORE, defendants, THE CITY OF PORT JERVIS, SERGEANT CHRISTOPHER W. SARGENTE, shield #0149 and POLICE OFFICERS JANE/JOHN DOE(S), demand judgment:

1. dismissing the complaint;

2. indemnifying this answering party and/or apportioning the liability between plaintiff, these answering defendants and all other parties to this action, and any person or entity otherwise responsible under Article 16 of the CPLR, for the amount awarded in favor of plaintiff or for an amount equal to the excess of the award over and above these answering defendants' equitable share of the award; and

3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: Newburgh, New York
       December 5, 2011

                                        Yours, etc.,

                                        TARSHIS, CATANIA, LIBERTH,
                                         MAHON & MILLIGRAM, PLLC

                                   By:  /s/_____
                                        HOBART J. SIMPSON (HJS 0111)
                                        Attorneys for Defendants
                                        One Corwin Court
                                        P.O. Box 1479
                                        Newburgh, New York 12550
                                        Tel. No. (845) 565-1100

TO:   LAW OFFICE OF DAVID A. ZELMAN (DZ8578)
      Attorney for Plaintiff
      612 Eastern Parkway
      Brooklyn, New York 11225
      Tel. (718) 604-3072