# TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
## ATTORNEYS AND COUNSELLORS AT LAW

STEVEN L. TARSHIS, *RETIRED*

JOSEPH A. CATANIA, JR.
RICHARD F. LIBERTH
RICHARD M. MAHON, II (DC, AZ)
STEVEN I. MILLIGRAM (NJ)
MICHELLE F. RIDER, CPA (FL)
PAUL S. ERNENWEIN
HOBART J. SIMPSON
JULIA C. GOINGS-PERROT

SPECIAL COUNSEL
JAY F. JASON (MA)
JOSEPH G. MCKAY

ONE CORWIN COURT
POST OFFICE BOX 1479
NEWBURGH, NEW YORK 12550
(845) 565-1100
1-800-344-5655
FAX (845) 565-1999
(FAX SERVICE NOT ACCEPTED)

100 RED SCHOOLHOUSE ROAD, SUITE C-12
CHESTNUT RIDGE, NEW YORK 10977
TEL (845) 426-7799    FAX (845) 426-5541
(MAIL AND FAX SERVICE NOT ACCEPTED)

E-MAIL: tclmm@tclmm.com
www.TCLMM.com

MARK L. SCHUH
DANIEL F. SULLIVAN
MICHAEL E. CATANIA (NJ, CT, MA)
ARYEH LAZARUS (NJ)
HOLLY L. REINHARDT (NJ)
REBECCA BALDWIN MANTELLO (CT)
ARI I. BAUER
DEBRA M. BURG
LIA E. MULLIGAN (MA)
STEVEN L. GRASSO
ERIC D. OSSENTJUK (NJ)
SARITA BHANDARKAR, LLM TAXATION
SEAMUS P. WEIR

(ALSO ADMITTED IN)

Writer's Direct No.
(845) 569-4395

(ALSO ADMITTED IN)

Writer's E-Mail
hsimpson@tclmm.com

September 17, 2012

**By Fax: (914) 390-4298**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      RE:    Port Jervis P.D. Adv Peter Borruso
              11-CIV-7085
              Our File No.: 12506-58946

Honorable Edgardo Ramos:

      This office represents The City of Port Jervis and Sergeant Christopher W. Sargente, the Defendants in the above matter. I write in response to Plaintiff's counsel's (David Zelman, Esq.) letter to the Court, dated September 12, 2012, raising two issues.

      First, counsel requests an extension of time for the August 3, 2012 deadline for the joinder of parties and amended pleadings. I have no objection to this request, although I would like to respond to the reasons offered for this request. As I informed counsel, it is my understanding that only Defendant Christopher Sargente, a Port Jervis police officer, was involved in the arrest of the Plaintiff. The only other witness from the Police Department has been identified. Thus, I do not see any basis to name any additional parties as defendants in this case. Further, if Plaintiff joins additional parties by October 30, 2012, I do not believe completion of discovery by November 30, 2012 will be realistic. The added parties will have to the right to conduct discovery and it is highly unlikely that will be accomplished in a month.

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC

Honorable Edgardo Ramos
Page 2                                                                              September 17, 2012

Hence, if Plaintiff adds Defendants to this matter, it is likely that the deadline to complete discovery will have to be extended as well.

The other issue raised by Plaintiff concerns document demands served by him. Defendants provided Plaintiff with their initial disclosures which disclosed all documents and information, including witnesses, pertaining to the alleged incident. The additional document demands served by Plaintiff seek production of 25 items. Many of the items sought were already provided to Plaintiff as part of Defendants' initial disclosures. Some of the items sought, however, seek documents/information which would be contained in the personnel files of the officers involved or which would not appear to be relevant to this case. The discoverability of such items is questionable under the circumstances.

Plaintiff seeks, in part, personnel and disciplinary records and Internal Affairs records relating to the responding officers. Plaintiff seeks "a statement as to the current net worth of each officer and the City of Port Jervis." Plaintiff also seeks hospital/medical records of the responding officers alleged to have been the result of the within incident. Such broad demands seek matters/documents that are irrelevant to this case and/or potentially protected from disclosure by New York's Civil Rights Law 50-a or other privileges. *See King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988).

I would prefer to resolve these issues without the need for judicial intervention. Plaintiff's counsel did contact me but I have been out of the office on medical leave. I am in the process of preparing a formal response to Plaintiff's demands with the hope that any issues as to relevancy and discoverability can be worked out between counsel. If they cannot, we may need the Court's assistance.

In light of the foregoing, it may be advisable to conference this matter to extend discovery deadlines and address any unresolved discovery issues.

Thank you for your time and assistance in this regard.

Respectfully submitted,

HOBART J. SIMPSON

HJS/hjs/780017
cc: David Zelman, Esq. (By Fax: (718) 604-3074)

*Pursuant to IRS Regulations, any tax advice contained in this communication or attachments is not intended to be used and cannot be used for purposes of avoiding penalties imposed by the Internal Revenue Code or promoting, marketing or recommending to another person any tax related matter.*