UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PETER A. BORRUSO,

                                   Plaintiff,                    11 CIV 7085 (NSR-LMS)

    -against-


THE CITY OF PORT JERVIS, SERGEANT
CHRISTOPHER W. SARGENTE, shield #0149 and
POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-5,

                                  Defendants.
------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR REASONABLE ATTORNEYS FEES PURSUANT TO 42 USC § 1988 AND FED. R. CIV. PRO. 54

                                                          Yours, etc.,

                                                          CATANIA, MAHON, MILLIGRAM, &
                                                          RIDER, PLLC
                                                          *Attorneys for Defendants*
                                                          One Corwin Court PO Box 1479
                                                          Newburgh, New York 12550
                                                          Tel. No. (845) 565-1100


<u>OF COUNSEL:</u>  JOSEPH G. McKAY (JM-8355)

## PRELIMINARY STATEMENT

Defendants, City of Port Jervis and Sergeant Christopher W. Sargente, submit this memorandum of law in support of their motion for attorneys' fees and costs pursuant to 42 USC § 1988 and Fed. R. Civ. Pro. 54(d)(2). Defendants are the prevailing party in this litigation. Plaintiff, Peter A. Borruso, filed a complaint against the Defendants on October 7, 2011 alleging false arrest, malicious prosecution, denial of fair trial, first amendment retaliation and use of excessive force pursuant to 42 U.S.C. §1983. The City and Sgt. Sargente denied plaintiff's allegations and vigorously defended against his claims.

This litigation involved multifaceted factual and legal issues, and involved complex issues of proof. There were multiple disputes over the discoverability of various documents from the City of Port Jervis, and medical records from plaintiff, which resulted in two appeals by plaintiff from Magistrate Judge Lisa Margaret Smith's rulings. The resolution of a dispute over plaintiff's medical records resulted in plaintiff withdrawing his claim for exacerbation of pre-existing injuries. This matter also involved extensive motions *in limine* over various evidentiary issues.

This case was tried before a jury over a period of six days, and on July 21, 2014, after only 2 hours of deliberations, the jury returned a verdict on behalf of defendants on all of plaintiff's claims. Judgment was filed in favor of defendants dismissing plaintiff's complaint on July 31, 2014. Plaintiff's own testimony and the testimony of his expert made clear that plaintiff's claims against Sgt. Sargente, the unidentified defendants, and the City were frivolous and unreasonable, entitling defendants to reasonable attorneys fees and costs as the prevailing party in this action. As such, defendants seek an order entitling them to attorneys' fees in the amount of $106,266.00 and costs in the amount of $4,394.84.

1

## POINT I

## PLAINTIFF'S ACTION WAS FRIVOLOUS, UNREASONABLE AND LACKED FOUNDATION

"Pursuant to 42 U.S.C. § 1988, the court has discretion to allow the prevailing party in a Section 1983 action to recover reasonable attorneys' fees and costs" (Abeyta v. City of New York, No. 12-civ-5623, 2014 WL 929838, at *1 [S.D.N.Y. March 7, 2014], see 42 USC 1988 [b]). Although attorney's fees "are not so readily available to a prevailing defendant," (LeBlanc–Sternberg v. Fletcher, 143 F.3d 765, 769 (2d Cir.1998), such awards nevertheless serve an important purpose by serving as a deterrent to litigants who bring, or are contemplating bringing, frivolous lawsuits. Because of that deterrent effect, they also shield defendants from having to endure the burden and cost of defending against such frivolous litigation. (see Tancredi v. Metropolitan Life Ins. Co., No. 00Civ.5780, 2003 WL 22299203, at *6 [S.D.N.Y. Oct.7, 2003] ["Fees are awarded to prevailing defendants in civil rights cases principally to deter frivolous litigation"] [citing Carrion v. Yeshiva Univ., 535 F.2d 722, 727 [2d Cir.1976]; Kappenberger v. Oates, 663 F.Supp. 991, 992 [S.D.N.Y. 1987] ["The award of attorney's fees to a successful defendant involves different considerations, each within the firm and unalterable determination of courts to discourage litigants from bringing frivolous cases, and spare members of the public from the expense of defending against baseless allegations"] [internal quotation marks and citation omitted]). "In determining whether the defendants are entitled to such fees, this court must first render a finding 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even thought not brought in subjective bad faith" (Carrion v City of New York, No. 01-civ-2255, 2003 WL 22519438, at *1 [S.D.N.Y. Nov. 4, 2003], citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 [1978]). "The amount of the fee, of course, must be determined on the facts of each case." (Carrion

2

v City of New York, No. 01-civ-2255, 2003 WL 22519438, at *1, quoting Hensley v. Eckerhart, 461 U.S. 424, 429 [1983]).

In his complaint, plaintiff alleged ten (10) claims.

False Arrest (NY and federal law);
Excessive Force (NY and federal law);
Malicious Prosecution (NY and federal law);
Assault and Battery under NY law;
Denial of Fair Trial under federal law based upon an alleged false complaint filed by Sgt. Sargente;
Retaliation for Exercise of his First Amendment Rights to Free Speech under federal law; and
*Respondeat Superior* Against the City of Port Jervis

Plaintiff's complaint included a Monell Claim against the City of Port Jervis. There being no evidence of any custom and policy on the part of Port Jervis to deny plaintiff his constitutional rights, prior to the commencement of trial, plaintiff withdrew his Monell claim against the City of Port Jervis.

Plaintiff alleged emotional and physical injuries, including bruising, bleeding, contusions and exacerbation of preexisting nerve paralysis and injuries to his chest, neck and back (Ex. "P" at ¶11). However, during discovery plaintiff withdrew his exacerbation of preexisting injury claim.

False Arrest, Malicious Prosecution and First Amendment Retaliation

The testimony and other evidence presented at trial makes clear that plaintiff's arrest for harassment in the second degree was based on absolute probable cause. As to the crime of harassment in the second degree, the Penal Law of the State of New York, Section 240.26(1), insofar as it is applicable to this case, reads as follows:

> A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: (1) he or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.

3

> "Intent" means conscious objective or purpose. Thus, a person acts with intent to harass, annoy or alarm a person when his or her conscious objective or purpose is to do so.

Plaintiff admits that on January 1, 2010, he entered the police station by throwing open the door such that it hit the wall (Ex. "G" at pg 22); he was yelling, screaming, and cursing (Ex. "F" at pgs 13-14). Plaintiff further admits that all of his sentences started with the "F word" (Ex. "F" at pgs 13-14). Plaintiff also admits that he had been drinking alcohol that evening (Ex. "F" at pg 45), was angry and frustrated (Ex. "G" at pg 22). Plaintiff admits that because of his conduct, Sgt. Kara Angeloni was forced to backed away from him (Ex. "F" at pgs 14-15). He admits that the officers tried to calm him down (Ex. "F" at pg 16). Plaintiff admits that he stated to Sgt. Sargente "How would you like it if I told you I would kill your wife and kids" (Ex. "P" at ¶11), and admits that given his aggravated state he could understand why Sgt. Sargente would have perceived this as a threat (Ex. "F" at pg 19). It was apparent at trial, by plaintiff's own admissions, that Sgt. Sargente not only had probable cause to arrest plaintiff, but had probable cause to arrest plaintiff for harassment in the second degree.

"Under New York law, the existence of probable cause is an absolute defense to a false arrest claim, and to a malicious prosecution claim" (Abreu v Romero, 466 Fed Appx 24, 26 [2d Cir 2012] [internal quotation marks and citations omitted]). In addition, "probable cause is a complete defense to plaintiff's claim of First Amendment retaliation." (Brown v City of New York, 13-CV-1018, 2014 WL 2767232, at *8 [SDNY June 18, 2014], citing Fabrikant v. French, 691 F.3d 193, 216–17 [2d Cir.2012] [finding that the plaintiffs "claim[ ] of ... First Amendment retaliation fail[s] because defendants had probable cause" to arrest and prosecute]). Simply put, Sgt. Sargente had absolute probable cause to arrest plaintiff, and plaintiff's false arrest, malicious prosecution and First Amendment Retaliation claims were frivolous, unreasonable and lacking foundation (see Abeyta v. City of New York, No. 12-

4

civ-5623, 2014 WL 929838, at *2; Carrion v City of New York, No. 01-civ-2255, 2003 WL 22519438, at *2).

Excessive Force and Assault and Battery

As to plaintiff's claim that excessive force was used to effectuate his arrest, plaintiff's testimony was contradictory and showed that there was no credible evidence to support his claim. Plaintiff testified that after Sgt. Sargente placed plaintiff under arrest, plaintiff did not know where Sgt. Sargente was, or if he was even in the hallway when the alleged excessive force was used (Ex. "G" at pgs 34-37). Plaintiff could not even be sure of the number of officers who allegedly used excessive force against him. He pleaded in his complaint that Sgt. Sargente and five other officers assaulted him (Ex. "P" at ¶13). However, he told the emergency room physician that ten (10) officers assaulted him, but he may have told the physician it was twelve (Ex. "G" at pgs 43-44, 56, 58). At trial, he could not be sure if it was three (3) to five (5) or three (3) to four (4) officers (Ex. "G" at pgs 35-40). In his complaint, plaintiff alleged that he was thrown to the ground and "pounced" on (Ex. "P" at 13); however, this testimony was not borne out at trial (Ex. "F" at pgs 21-22, 25-27). Plaintiff soul injury from this alleged assault was a single "mark" to his chest (Ex. "F" at 29). A review of the testimony at trial makes clear that plaintiff's claims of excessive force and assault and battery are frivolous, unreasonable and lacked foundation (see Abeyta v. City of New York, No. 12-civ-5623, 2014 WL 929838, at *2; Carrion v City of New York, No. 01-civ-2255, 2003 WL 22519438, at *2).

Denial of Fair Trial

In his complaint, plaintiff alleged that false information was used to prosecute him, in particular that the complaint contained a false statement that plaintiff was intoxicated (Ex. "P" at ¶16). By his own admissions, plaintiff established that the complaint filed by Sgt. Sargente was based in truth. As noted

5

above, plaintiff admitted that he had been drinking alcohol and was incoherent (Ex. "F" at 19, and 45). He further admits that he was yelling, screaming, cursing, and angry (Ex. "F" at pgs 13-19, 45; Ex. "G" at pg 22). It is understandable why Sgt. Sargente would believe that plaintiff appeared to be in an intoxicated condition. Plaintiff admits that he stated to Sgt. Sargente "How would you like it if I told you I would kill your wife and kids" (Ex. "P" at ¶11). Plaintiff himself also admits that given his yelling, cursing and aggravated state he could understand why Sgt. Sargente would have perceived this statement as a threat (Ex. "F" at pg 19). Plaintiff did not dispute that Sgt. Sargente directed plaintiff to leave the station and that plaintiff refused. Each of plaintiff's admissions corroborates the statements contained in the criminal complaint filed by Sgt. Sargente (Ex. "Q"). Plaintiff own testimony establishes that there is no foundation for his claim that false information was used to prosecute him (see Abeyta v. City of New York, No. 12-civ-5623, 2014 WL 929838, at *2; Carrion v City of New York, No. 01-civ-2255, 2003 WL 22519438, at *2).

Respondeat Superior as Against the City of Port Jervis

There is no *respondeat superior* liability under Section 1983 (see Lipton v County of Orange, NY, 315 F Supp 2d 434, 452 [SD NY 2004]); thus, plaintiff's claim for *respondeat superior* liability against the City of Port Jervis applied only to plaintiff's state law claims. There being no foundation for the claims alleged by plaintiff against Sgt. Sargente and the unidentified defendants, there can be no claim for *respondeat* superior liability against the City of Port Jervis. Thus, plaintiff's claim against the City is frivolous, unreasonable and lacking a foundation (see Abeyta v. City of New York, No. 12-civ-5623, 2014 WL 929838, at *2; Carrion v City of New York, No. 01-civ-2255, 2003 WL 22519438, at *2).

6

Under the circumstances of this case, this Court should award defendants' their reasonable attorneys fees and costs to effectuate the purpose of awarding attorneys fees to prevailing defendants, i.e. "to discourage litigants from bringing frivolous cases and to spare members of the public from the expense of defending against baseless allegations" (Abeyta v City of New York, No 12-civ-5623, 2014 WL 929838, at *1). The Court need not be reluctant to award such fees in this case, as an award of reasonable attorneys' fees and costs to Defendants would not chill future private actions for valid claims against the City of Port Jerivs or its police officers, but instead would deter the filing of frivolous claims. This is not a case where plaintiff merely failed in his proof at trial. Here, based on his own admissions, it is clear that plaintiff never had a valid claim in the first instance. The Court had the opportunity to assess plaintiff's demeanor and credibility, and gage the veracity of plaintiff's testimony. Plaintiff's numerous admissions made evident that Sgt. Sargente had probable cause to arrest, he did not use excessive force to effectuate plaintiff's arrest; and did not falsify allegations in the criminal complaint – simply put, plaintiff's claims completely lacked in foundation.

Based upon the foregoing, Defendants respectfully submit that plaintiff's claims against the City of Port Jervis, Sgt. Sargente and the unidentified defendants are frivolous, unreasonable and without foundation. The defendants should be spared the expense of having to defend against the plaintiff's baseless allegations in a case which should never have been commenced. Defendants' respectfully request that this Court, in its discretion, award defendants' their reasonable attorneys fees and costs.

### POINT II

### DEFENDANTS ARE ENTITLED TO A "LODESTAR" AWARD – A REASONABLE HOURLY RATE TIMES REASONABLE HOURS WORK

The "lodestar" standard entitles a prevailing party a "reasonable fee," which is determined by multiplying the number of hours reasonably expended on the litigation times the reasonable hourly rate

7

(see Hensley v Eckerhart, 461 U.S. 424 [1983]; Quaratino v. Tiffany & Co., 166 F.3d 422, 424-425 [2d Cir. 1999]). "Counsel for the prevailing party must submit evidence in support of its proposed figures, and should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" (Abeyta v. City of New York, No. 12-civ-5623, 2014 WL 929838, at *3, citing Hensley v Eckerhart, 461 U.S. at 433-34). "A reasonable hourly rate is based on 'the current prevailing market rate for lawyers in the district in which the ruling court sits" (Abeyta v. City of New York, No. 12-civ-5623, 2014 WL 929838, at *3 [quotation marks and citation omitted]). "A court may determine the reasonable hourly rate by relying both on its own knowledge of comparable rates charged by lawyers in the district, as well as on evidence proffered by the parties" (id.).

Defendants seek an hourly rate of $210.00 for lead attorney Hobart J. Simpson, trial counsel Joseph G. McKay, and partner Paul S. Ernenwein; an hourly rate of $175.00 for associates, and an hourly rate of $95.00 for paralegals and the medical records clerk. The law firm, Catania, Mahon, Milligram and Rider, PLLC ("CMMR"), and counsel representing defendants are reputable and experienced in general litigation and civil rights defense litigation. The qualifications and credentials of each of the attorneys, paralegals and staff that provided services in this case have been set forth in the accompanying declarations and affidavits of those individuals.

Counsel's billing records attached to Joseph G. McKay's declaration satisfy the Second Circuit requirement that the billing records specify for each attorney, paralegal and staff, the date, hours expended, and a detailed description of the nature of the work performed (see New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1147-48 [2d Cir. 1983]). Chronological printouts of the computer records generated by a law firm's accounting department from the contemporaneous daily

8

time records of each timekeeper are permitted to satisfy the moving party's obligation to submit evidence to support its figures (see Pastre v. Webber, 80 F.Supp. 1120, 1124 [S.D.N.Y. 1991]).

The defendants' requested hourly rates are reasonable. The customary and market rates for partners in the Hudson Valley range from $325 to $385, for an associate depending on years admitted and experience are from $225.00 to $275.00, and for a paralegal from $100.00 to $175.00. CMMR's customary rates range from $360.00 for partners, $250-$275.00 for associates, and $125.00 for paralegals. In this case, defendants and/or their principal were charged a discounted rate of $210.00 for partners, $175.00 for associates, and $95 for paralegals. Both the customary rates and the discounted rates charged by CMMR are reasonable (see e.g. Coe v. Town of Blooming Grove, 714 F.Supp.2d 439 [S.D.N.Y. 2010]; L.V. v. New York City Dept't of Education, 700 F.Supp. 2d 510 [S.D.N.Y. 2010]; G.B. v. Tuxedo Union Free School District, 894 F. Supp. 2d 415 [S.D.N.Y. 2012]).

The hours expended by each time keeper who provided services for the defendants are as follows:

| TimeKeeper | Hours Expended | Hourly Rate | Value of Services |
| --- | --- | --- | --- |
| Hobart J. Simpson, Lead Counsel | 173.3 | $210.00 | $36,393.00 |
| Joseph G. McKay, Trial Counsel | 149.05 | $210.00 | $31,300.50 |
| Paul S. Ernenwein, Partner | 7.8 | $210.00 | $1,638.00 |
| Rebecca Baldwin Mantello, Associate | 25.7 | $175.00 | $4,497.50 |
| Ari Bauer, Associate | 12.5 | $175.00 | $2187.50 |
| Michael Frascarelli, Associate | 69.8 | $175.00 | $12,215.00 |
| Steven L. Grasso, Associate | 30.8 | $175.00 | $5390.00 |

| | | | |
|---|---|---|---|
| Lori O'Boy, Paralegal | 109.5 | $95.00 | $10,402.50 |
| Laura F. Forman, Paralegal | 21.1 | $95.00 | $2004.50 |
| Joan R. Gordon/Pineiro, Medical Records Clerk | 2.5 | $95.00 | $237.50 |
| **Total** | **602.05** | | **$106,266** |

Over the course of three years of litigation, counsel, paralegals and our medical records clerk expended 602.05 hours for a total request of attorneys' fees in the amount of $106,266.00 The hours worked are not excessive, redundant or otherwise unnecessary. Defendants also seek costs in the amount of $4,394.84 as set forth in exhibits "B" and "C".

For all of the reasons aforementioned, Defendants respectfully request that this Court award defendants $106,266.00 in attorneys' fees and $4,394.84 in costs, payable by plaintiff.

## CONCLUSION

Defendants are the prevailing party and should be awarded the reasonable and well documented attorneys fees and costs expended to defend against plaintiff's frivolous, unreasonable and foundationless claims. Defendants respectfully request that this Court issue an order, in its sound discretion, awarding defendants' reasonable attorneys fees and costs pursuant to 42 USC § 1988 and Rule 54(2)(d) of the Federal Rules of Civil Procedure.

CATANIA, MAHON, MILLIGRAM & RIDER, PLLC
P.O. BOX 1479 • NEWBURGH, N.Y. 12551 • (845) 565-1100

Dated: Newburgh, New York
       August 14, 2014

Respectfully submitted,

CATANIA, MAHON, MILLIGRAM, & RIDER, PLLC

By:    *s/ Joseph G. McKay*
JOSEPH G. McKAY, Esq. (JM-8355)
*Attorneys for Defendants*
One Corwin Court PO Box 1479
Newburgh, New York 12550
Tel. No. (845) 565-1100
Fax No. (845) 565-1999
Email: jmckay@cmmrlegal.com

11